PER CURIAM.
On April 4, 1977, the Florida Board of Bar Examiners filed its petition recommending certain amendments to the existing Rules of the Supreme Court of Florida Relating to Admissions to the Bar.
Appended to this Order are each of the amendments to the Rules submitted by the Board as the same have been revised by this Court upon its consideration of the Board’s recommendations.
The amendments to the Rules of the Supreme Court of Florida Relating to Admissions to the Bar appended hereto are hereby approved and adopted effective at midnight, December 31, 1977, provided, however, that the amendments approved herein to Article II, Section 10(f), Article V, Section 22, and Rule III, Section 21(c), shall apply only to those applicants for The Florida Bar examination who initially apply for admission into the examination subsequent to December 31, 1977; and provided, further, that the amendment approved herein to Article II, Section 10(c), shall become effective at midnight, December 31, 1978.
It is so ordered.
OVERTON, C. J., and BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
Subsection (c) is added to Article I, Section 7 to read:
(c) Upon giving reasonable notice, the Chairman of the Board may conduct a meeting of the Board by conference telephone call for routine administrative action or for emergency action.
Section 10(c) of Article II is amended to read:
Each examination shall consist of three parts to be designated Part I, Part II and Part III. Part I shall be of six hours’ duration and shall be composed of six one hour segments to be promulgated by the Florida Board of Bar Examiners.
One segment shall embrace the subject of Florida Civil and Criminal Rules and Procedure, another shall embrace the subject of Florida Constitutional Law and the remaining four segments shall be selected from the subjects:
Federal Constitutional Law
Business Entities including Corporations
and Partnerships
Wills and Administration of Estates
Trusts
Real Property
Evidence
Torts
Part II of the examination shall be that examination offered to the several states by the National Conference of Bar Examiners and designated by that organization as the Multistate Bar Examination (MBE).
Part III of the examination shall be of one hour’s duration and shall consist of not more than forty multiple-choice questions. These questions shall be designed to permit the applicant to demonstrate knowledge of the Code of Judicial Conduct and the Code of Professional Responsibility, including the Canons, Disciplinary Rules and Ethical Considerations as applicable in the State of Florida. Part III of the examination shall be clearly labeled as to subject matter.
Section 10(d) of Article II is amended to read:
All examination papers produced by applicants for admission to The Florida Bar *419 during their submission to Parts I, II and III of the examination shall be examined by the Board. Upon conclusion of the administration of Part III of the examination, a separate examination on Part I shall be administered. Each examination paper produced by an applicant on Part I or Part III of the examination shall be separately graded and credited with reference to a perfect score of 100%. All examination papers shall be graded and credited by number and not by the applicant’s name. Upon conclusion of Part I and Part III of each examination and a compilation of the grades received by all applicants submitting to Part I or Part III of each examination, the Board shall determine the passing score for each part by adding the grades received by the top 10% of those examined in the respective parts and dividing the total thereof by the number of examinees comprising the top 10% in that part. Those applicants who receive a grade above or within twenty points below such result shall be credited with a passing score for that part of the examination.
Section 10(e) of Article II is amended to read:
The passing score for each administration of Part II of the examination shall be determined by utilization of the basic formula described in subsection (d) of this section applied to the scores of all persons submitting to that administration of Part II of the examination within the State of Florida. Those persons making a passing score on Part II of the examination as determined by this subsection shall be credited with a passing score for Part II provided Part II of the examination, whether taken within or without the State of Florida, was taken at or after a time when the applicant could have qualified to take Part I of the examination. Part II scores obtained through the administration of Part II in February 1976 are the first scores applicable under the provisions of this section.
Section 10(f) of Article II is amended to read:
An applicant must successfully complete each of the three parts of the examination, and all successfully completed portions must have been administered within a period of 25 months. The application for admission to The Florida Bar must be filed not later than 180 days from the date of the notice that success has been attained on all three parts of the examination. Failure to comply with such filing deadline will result in required reapplication for admission to the Florida Bar Examination and a second successful completion of the three parts of the examination.
Section 21(a) of Article IV is amended to read:
Satisfactory evidence that the applicant has received an academic Bachelor’s Degree granted on a basis of a four-year period of study in a college or university on the approved list of any one of the following regional accrediting associations or any Florida college or university approved by the Florida Supreme Court, approval to be withdrawn if accreditation is not met within a period approved by the accrediting agency:
(1) New England Association of Schools and Colleges;
(2) Middle States Association of Colleges and Schools/Commission on Higher Education;
(3) North Central Association of Colleges and Schools;
(4) Southern Association of Colleges and Schools — Commission on Colleges;
(5) Northwest Association of Schools and Colleges;
(6) Western Association of Schools and Colleges — Accrediting Commission for Senior Colleges;
at a time when, or in the same calendar year in which such school was so accredited; or the successful completion of an examination designated by the Board evidencing attained knowledge equivalent to 120 semester hours of college study to be administered under the Board’s supervision.
This section shall be applicable only to those applying for admission to the Bar *420 who enrolled in any accredited law college subsequent to December 31,1975. All other applicants shall be governed by previous requirements under Section 22(a) of Article IV, of the rules aforesaid. (At least two years’ in-residence undergraduate work if entry into law school were prior to December 31,1960, or at least three years’ in-residence undergraduate work if entry into law school were subsequent to December 81, 1960 but prior to December 31, 1975, or the successful completion of a college equivalency examination to be administered under the Board’s supervision.)
Graduation from any one of the following institutions: the United States Military Academy, the United States Naval Academy, the United States Air Force Academy, the United States Coast Guard Academy, or the United States Merchant Marine Academy, will fully satisfy the requirement of this section.
Section 21(b) of Article IV is amended to read:
Satisfactory evidence of graduation from a full-time accredited law school at a time when or within 12 months of such accreditation, or in the alternative, satisfactory evidence that the applicant has completed the requirements for graduation from a full-time accredited law school at a time when, or in the same calendar year in which such school was so accredited, and that such accredited law school has or, in the alternative, will confer upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence. In instances wherein the applicant has not completed law study prior to a filing deadline as specified in Rule I but anticipates such completion prior to the administration of the examination, such application will be accepted on or before the deadline but evidence that the applicant has completed the requirements for graduation and that the degree will be conferred must be received at the office of the Florida Board of Bar Examiners at least seven days prior to the actual administration of the examination into which admission is being sought. The term “accredited law school” has reference to any law school approved or provisionally approved by the American Bar Association or which is a member of the Association of American Law Schools. None of the following shall be substituted for law school training:
(1) Private study, correspondence school or law office training;
(2) Age or experience;
(3) Waived or lowered standards of legal training for particular persons or groups.
(Attorneys who were in good standing, upon producing such evidence as the Board may require, that such applicant was in the practice of law in the District of Columbia or in other states of the United States of America, or in practice in federal courts in territories, possessions or protectorates of the United States for at least ten years, and that he was in good standing at the bar of the District of Columbia, the territory, possession or protectorate, or of the state from which he came; may, notwithstanding the provisions of Sections 21(a) and 21(b) hereof, be permitted to take the bar examination to be admitted to the practice of law in Florida upon furnishing alternative data in compliance with the following Section. Such data must be filed with the Board at least 90 days prior to the administration of the examination, notwithstanding the provisions of Rule I, Section 4, and Rule II, Section 10.)
Section 21(c)(3) of Article IV is amended to read:
A representative compilation of the work product in the field of law showing the scope and character of the applicant’s previous experience and practice at the bar, including samples of the quality of the applicant’s work, such as pleadings, briefs, legal memoranda, corporate charters or other working papers which the applicant considers illustrative of his expertise, his academic and his legal training. Such representative compilation of the work product shall confine itself to the applicant’s most recent ten years of practice and shall be filed at least 90 days prior to the administration of the examination, notwithstanding *421 the provisions of Rule I, Section 4, and Rule II, Section 10. If a thorough consideration of such representative compilation of the work product shows that the applicant is a lawyer of high character and ability, that his professional conduct has been above reproach, and that his academic and legal scholarship conform to approved standards and sum up to the equivalent of that required of other applicants for admission to the examination, the Board may, in its discretion, admit him to the examination. In evaluating academic and legal scholarship the Board is clothed with a broad discretion.
Section 22 of Article V is amended to read:
Every applicant who has complied with the requirements of the applicable rules for admission into the bar examinations, who has submitted to the examinations and attained scores above the minimum required, who has met the requirements as to character and fitness, and who has:
(a) Furnished to the Board satisfactory evidence that an accredited law school as specified in Section 21(b) herein has conferred upon the applicant the degree of Bachelor of Laws or Doctor of Jurisprudence and who has complied with all other requirements for admission to practice the profession of law;
(b) Or complied with all requirements except the conferral of the first degree in law as set out in Section 21(c) herein, but who has been declared by the Board as being fully qualified under the aforementioned Section 21(c)
shall be recommended by the Florida Board of Bar Examiners to the Supreme Court of Florida for admission to The Florida Bar. If the Court is satisfied as to the qualifications of the applicant so recommended, an Order of admission shall be made and entered in the minutes of the Court, and it shall designate the manner in which all applicants will take the oath. Two induction ceremonies shall be scheduled each year at which the oath shall be administered by the Chief Justice of the Court or a Justice thereof before the Court in formal session or by the Chief Judge of a District Court of Appeal or a Judge thereof before a District Court of Appeal in formal session. Any applicant who chooses not to attend such formal session may take the oath before any resident Circuit Judge or before such other official authorized to administer oaths. All applicants shall present themselves for such administration of the oath not later than 90 days from the date of notification of eligibility for admission by the Clerk of the Supreme Court. No certificate of admission to practice shall be issued until the oath of such applicant has been filed in the office of the Clerk of the Supreme Court. The Clerk shall maintain a permanent register of all persons so admitted.
Should any applicant gain admission to The Florida Bar upon an application for admission into the Florida Bar Examination, an application for admission into The Florida Bar, or an amendment or a supplement thereto which, within 12 months of admission to The Florida Bar, is revealed to have been falsified in any respect, the Board, after investigation and hearings, shall make its findings and recommendations as to revocation of any license issued to any such applicant and shall file its findings with the Supreme Court of Florida for final determination by the Court.
Section 1 of Rule I is amended to read:
Applications shall consist of:
(a) An Application for Admission into the Florida Bar Examination and;
(b) Application for Admission to The Florida Bar. The Application for Admission to The Florida Bar must be filed not later than 180 days from the date of the notice that success has been attained on all three parts of the examination as is provided under Article II, Section 10(f).
Applications for admission into Part I and Part III of The Florida Bar Examination, Part II if the applicant anticipates submission to Part II within the State of Florida, and applications for admission into The Florida Bar shall be made upon forms supplied by the Board pursuant to Rule V, Section 62.
*422 Section 2 of Rule I is amended to read:
Applicants who have not been admitted to the Bar in any other jurisdiction for a period in excess of twelve months preceding the filing of an application for admission into The Florida Bar, time spent in military service of the United States not to be reckoned as part of said twelve months, shall accompany the application with a fee of $120.00, as specified under Rule V, Section 50, and such other fee as may be required under Rule IV.
Section 3 of Rule I is amended to read:
All applicants except those described in Section 2 shall accompany the application with a fee of $500.00, as specified under Rule V, Section 51.
Section 4 of Rule I is amended to read:
Part I and Part III of the Florida Bar Examination shall be administered on the Tuesday preceding the last Wednesday of February, May, July and October of each calendar year. Part II of the examination is presented simultaneously in the several participating states on the last Wednesday of February and July of each calendar year. Applications for admission into the February administration of the Florida Bar Examination must be postmarked or received not later than the first Tuesday of January. Applications for admission into the May administration of the Florida Bar Examination must be postmarked or received not later than the first Tuesday of April. Applications for admission into the July administration of the Florida Bar Examination must be postmarked or received not later than the first Tuesday in June. Applications for admission into the October administration of the Florida Bar Examination must be postmarked or received not later than the first Tuesday in September. Late applications shall be returned to the applicant.
Section 5 of Rule I is amended to read:
Applicants seeking postponement of their submission to the bar examination shall be permitted to do so upon payment of
(a) a fee of $20.00, as specified under Rule V, Section 57(a), if written notice of postponement is received at least seven (7) days in advance of the commencement of the administration of the examination; or
(b) a fee of $30.00, as specified under Rule V, Section 57(b), if a written notice of postponement is received thereafter but preceding the deadline for filing for the next administration of the examination.
All such applicants must bring their applications to current status by the filing of another Application for Admission into the Florida Bar Examination by the deadline as specified under the provisions of Section 4 of this Rule.
Section 6 is added to Rule I to read:
(a) Applications for Admission to The Florida Bar whether filed as a registrant under Rule IV or as an applicant under this Rule are continuing in nature and must give correctly and fully the information therein sought as of the date that the applicant is sworn in as a member of The Bar of Florida. The Board may require that all information furnished to it be given under oath.
(b) Every applicant or registrant shall immediately inform the Board of any change or discovered error in information previously furnished to the Board.
(c) As a condition for admission into the bar examination, every applicant shall state under oath when filing an Application for Admission into the Florida Bar Examination that all information in every application and amendments thereto previously submitted is true and complete.
Section 10(a) of Rule II is amended to read:
The required fees must be paid at the time an Application for Admission into the Florida Bar Examination is filed. Each such application, as an integral part thereof, must be accompanied by the following:
(1) A photograph, 21/2/' X 2V2", made within six months prior to the filing of the application;
*423 (2) Two (2) complete sets of fingerprints taken and certified by an authorized law enforcement officer;
(3) Such supporting documents or additional information as may be required in the forms supplied by the Board.
(b) The following documents are also required but may be received subsequent to the filing deadline specified under Rule I, Section 4:
(1) A Certificate of Dean, Florida Board of Bar Examiners Form No. 3, certifying the applicant’s graduation from a full-time accredited law school or certifying that the applicant has completed the requirements for graduation from a full-time accredited law school and that the first degree in law will be conferred (except as is provided under the provisions of Article IY, Section 21(c)), which certificate must be received by the Board at least 7 days prior to the actual administration of the examination into which admission is being sought;
(2) An official transcript of academic credit certifying that the applicant has received an academic Bachelor’s Degree granted on the basis as specified under Article IV, Section 21(a), of the Rules of the Supreme Court of Florida Relating to Admissions to the Bar, which transcript must come directly from the awarding institution. The transcript or such other documentation for which provision is made in the Rules may be received subsequent to the filing of the application for admission into the bar examination.
Section 10(c) of Rule II is amended to read:
Except as provided in Section 11, an Application for Admission to The Florida Bar, which must be filed not later than 180 days from the date of the notice from the Board that success has been attained on all three parts of the examination, must be accompanied by the following which will be deemed a part of it:
(1) If the applicant is not a natural born citizen of the United States and indicates a name change at the time of naturalization, evidence of naturalization satisfactory to the Board that such name change occurred.
(2) If the applicant has been admitted to the practice of law in one or more jurisdictions, evidence satisfactory to the Board that the applicant is of good standing in such jurisdictions and a copy of the application for admission filed in each such jurisdiction.
(3) An authorization and release on a form supplied by the Board requesting and directing the inspection and furnishing to the Board, or any of its authorized representatives, of all relevant documents, records or other information pertaining to the applicant and releasing any person, firm, officer, corporation, association, organization or institution from any and all liability in respect to such inspection or the furnishing of any such information.
(4) Supporting documents and other in formation as may be required in the forms supplied by the Board and such other documents as the Board may, in addition, from time to time reasonably require.
(5) In instances wherein the applicant elects to demonstrate compliance with the requirements of Part II through submission to Part II in an admitting jurisdiction other than the State of Florida, a certificate bearing the score attained in that jurisdiction forwarded directly to the Florida Board of Bar Examiners by the administering jurisdiction on a form for such certification supplied by the Florida Board of Bar Examiners (Form 32).
Section 11 of Rule II is amended to read:
(a) If the applicant has filed an Applicant’s Questionnaire and Affidavit as a reg *424 istrant as required by Rule IV, Section 30, the provisions of Rule II, Section 10 shall be inapplicable but in such case the applicant shall, not later than 180 days from the date of notice that success has been attained on all three parts of the examination, file a supplement to said questionnaire and affidavit upon forms supplied by the Board, and upon the filing of such supplement, the said questionnaire and affidavit filed as a registrant and all documents, records, information, and every other portion of the file shall be deemed converted into and shall thereupon be an Application for Admission to The Florida Bar. The Board may require the applicant to furnish such additional or supplemental information as the Board deems reasonable and necessary in the consideration of the Application for Admission to The Florida Bar.
(b) Even though an applicant has filed an Applicant’s Questionnaire and Affidavit as a registrant as specified under Rule IV, the separate Application for Admission into the Florida Bar Examination must be filed by the deadlines as specified under the provisions of Rule I and in compliance with the provisions of Rule II, Section 10 except that compliance with subsections (a)(1) and (2) and (b)(2) may be omitted if there has been previous compliance.
Section 21(c) of Rule III is amended to read:
An applicant who fails three times to pass Part I, or Part III, shall not be reexamined.
Section 22 of Rule III is amended to read:
Every applicant who is qualified to and who desires to repeat any part of the bar examination shall file an Application for Admission into the Florida B'ar Examination on a form prescribed by the Board and such application shall be accompanied by a fee of $75.00 as prescribed under Rule V, Section 56 and shall be filed in the Board’s office within the deadlines as specified under the provisions of Rule I as they pertain to the examination which such applicant desires to take. In those instances wherein the running of the deadline under this Section occurs prior to notification being given of the failure of any part of the examination, thus precluding compliance with the deadline by unsuccessful examinees, the deadline shall extend for a period of ten days from the date of notice of failure on the examination.
Section 30 of Rule IV is amended to read:
Every person intending to apply for admission to The Florida Bar shall, within one hundred fifty (150) days following the commencement of the study of law in an accredited law school, register with the Board by filing an Applicant’s Questionnaire and Affidavit as a registrant upon the forms supplied by the Board, including the documents and papers specified in Rule II, Section 10, except for the filing of the Certificate of Dean as specified in Rule II, Section 10(b)(1); a fee of $40.00 as specified in the provisions of Rule V, Section 52; and such other papers as may from time to time be reasonably required by the Board. The Board will consider as timely filed any registration postmarked or received one hundred fifty (150) days following the commencement of the study of law.
Section 31(a) of Rule IV is amended to read:
If any person shall fail to so register but shall do so within one hundred sixty-five (165) days following the commencement of the study of law and shall fully respond to requests contained in notice of untimely filing within a period not to exceed ten (10) days from mailing of such notice, such registration shall be accepted with a fee of $50.00 as specified under Rule V, Section 53(a).
Section 31(b) of Rule IV is amended to read:
If any person shall fail to so register but shall do so within two hundred fifty (250) days following the commencement of the study of law, the fee shall be $75.00 as specified under the provisions of Rule V, Section 53(b).
*425 Section 31(c) of Rule IV is amended to read:
If any person shall fail to so register within two hundred fifty (250) days following the commencement of the study of law, the fee shall be $100.00 as specified under the provisions of Rule V, Section 53(c).
Section 32 of Rule IV is amended to read:
The Board may at any time find it advisable to make further inquiry into the character, fitness and general qualifications of a registrant. In such case the registrant may be required to pay a fee of $50.00 as is prescribed in Section 54 and the Board shall conduct an investigation and otherwise inquire into the character, fitness and general qualifications of such registrant and in every such investigation and inquiry the Board shall have all of the powers given it in respect to inquiry and investigation of applicants for admission to the Bar.
Section 49 of Rule V is repealed.
Section 56 of Rule V is amended to read: For each examination administration entered after the first which must be paid by the deadlines prescribed in Rule I, a fee of.$75.00
The term “administration” refers to any one of the four annual presentations specified under Rule I, Section 4, two of which are of two days duration and two of which are of one day duration. The second quarterly presentation entered, whether to repeat a part or parts of the examination or attempt a part or parts of the examination for the first time, requires payment of this fee.
Section 62 of Rule V is amended to read:
Requests for copies of the application forms for admission to the Florida Bar Examination, for admission to The Florida Bar or both filed by persons other than students matriculating at the law schools within the State of Florida, the deans and librarians of such Florida law schools, and any other persons to be designated by the Board, shall be accompanied by a fee of $10.00. Any person having paid this fee shall have a like amount deducted from any application fee which is paid within one year from the receipted date of the payment of this fee.